# United States Court of Appeals
## For the First Circuit

No. 01-1017

CAROL CONTO,

Plaintiff, Appellant,

v.

CONCORD HOSPITAL, INC.,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, Jr., U.S. District Judge]

---

Before

Torruella, Circuit Judge,

Cyr, Senior Circuit Judge,

and Lynch, Circuit Judge.

---

Charles A. Russell, for appellant.
Kathleen C. Peahl, with whom Wadleigh, Starr & Peters was on brie

---

September 20, 2001

---

**CYR, Senior Circuit Judge.** Appellant Carol Conto challenges the summary judgment rulings which led the district court to dismiss her gender and age discrimination claims, as well as her sexual harassment claim, against her former employer, the Concord Hospital ("the Hospital"), see 29 U.S.C. § 621 (Age Discrimination in Employment Act) ("ADEA"); 42 U.S.C. § 2000e ("Title VII"). See Conto v. Concord Hosp., Inc., No. 99-166, 2000 WL 1513798 (D.N.H. Sept. 27, 2000).[1]

We summarily affirm the district court judgment which dismissed the gender and age discrimination claims.[2] See Jackson v. United States, 156 F.3d 230, 232 (1st Cir. 1998) (noting that where district court issues "comprehensive, well-reasoned decision," we may affirm with little or no elaboration). Once the Hospital articulated a nondiscriminatory basis for its discharge decision, the burden shifted to Conto to prove (at the very least) that the reason assigned for her discharge was

---

[1]We review summary judgment rulings de novo, after assessing the competent evidence and attendant reasonable inferences in the light most favorable to the nonmoving party. See Straughn v. Delta Airlines, Inc., 250 F.3d 23, 33 (1st Cir. 2000).

[2]Although the record is unclear regarding the timeliness of the discrimination charge filed with the Equal Employment Opportunity Commission ("EEOC"), the Hospital did not raise this issue below. Consequently, like the district court, we assume arguendo that Conto duly exhausted her administrative remedies. See O'Rourke v. City of Providence, 235 F.3d 713, 725 n.3 (1st Cir. 2000) (noting that exhaustion of administrative remedies is not a jurisdictional issue, but one which may be waived).

2

pretextual.  See Straughn v. Delta Air Lines, Inc., 250 F.3d 23,

33-34 (1st Cir. 2000).  The Hospital asserted that Conto was

discharged due to the fact that she failed, following repeated

warnings, to perform duties essential to her role as a hospital

security officer.[3]  As Conto acknowledges these deficiencies and

offered no evidence of pretext on the part of the Hospital, her

age and gender discrimination claims are not actionable.  See

Williams v. Raytheon Co., 220 F.3d 16, 19 (1st Cir. 2000).[4]

The sexual harassment claim fares no better.  The

determination as to whether the Hospital subjected Conto to a

hostile work environment necessarily entailed a fact-specific

assessment of all the attendant circumstances.  See supra note

1; Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993).  Yet

the appellate brief submitted by Conto fails to cite to any

_____

[3]The Hospital states, inter alia, that Conto repeatedly failed either to report or record vital hospital-security information, to patrol the daycare center, to observe the no-smoking policy, and to respond in proper fashion to a fire alarm.

[4]Conto further contends, to no avail, that despite her failure to prove pretext she adduced other weighty evidence that the Hospital discriminated, such as general remarks by her superiors and coworkers regarding her age and gender.  As Conto concedes, however, remarks by her superiors — that the Hospital "wanted her fired" — were not only age-and-gender neutral, but plainly based on her poor job performance reports.  See Straughn, 250 F.3d at 36.  Moreover, remarks by nondecisionmakers generally are not probative of an employer's intent.  See Laurin v. Providence Hosp., 150 F.3d 52, 58 (1st Cir. 1996).

3

record fact material to this factual inquiry. Instead, Conto generally invites our attention to all the documents submitted in evidence before the district court.[5]

Not surprisingly, the Federal Rules of Appellate Procedure require that appellants, rather than the courts of appeals, ferret out and articulate the record evidence considered material to each legal theory advanced on appeal. See, e.g., United States v. Candelaria-Silva, 162 F.3d 698, 707-08 (1st Cir. 1998) (finding "waiver" where appellant "request[ed] that we conduct 'a reading of the entire record with care,'" yet failed to spell out pertinent facts in brief); see also Michelson v. Digital Fin. Servs., 167 F.3d 715, 719-20 (1st Cir. 1999) (observing that counsel are not permitted to "leav[e] the [appellate] court to do counsel's work") (citations omitted). As the Federal Rules of Appellate Procedure are sufficiently central to our judicial management responsibilities to warrant substantial compliance, rather than discretionary disregard at the convenience of counsel, Conto's fact-dependent hostile work environment claim must be deemed waived.

In all events, however, Conto failed to generate any

---

[5]For instance, referencing more than eighty pages of deposition testimony, Conto casually suggests: "Because of the multiplicity of the incidents which are recounted in those pages, no specific page reference is given but attention is directed to all those pages." Brief for Appellant at 8-9.

4

genuine issue of material fact relating to her hostile work environment claim. She assertedly witnessed male coworkers uttering sexually-charged profanities and making obscene bodily gestures to nurses (or to one another), but never to her. She also states that security department workers repeatedly posed personal questions regarding her celibacy, romantic relationships, and marriage plans.[6]

It was for Conto to demonstrate that (1) "the harassment [she experienced during the final four days of her employment],[7] was sufficiently severe or pervasive to alter the

---

[6]Conto states that, at unspecified times, male coworkers subjected her to unwanted physical touching, such as slapping her buttocks. The district court initially held that these incidents generated a triable issue, assuming arguendo that the incidents occurred during the final four days of her employment (hence were not time-barred), see infra note 7, then partially denied summary judgment to the Hospital on Conto's sexual harassment claim. Thereafter, however, Conto requested that the district court grant the Hospital summary judgment on her entire harassment claim, so as to enable entry of an immediately appealable final judgment. To that end, she expressly conceded that these physical-touching allegations "more than likely would result [at trial] in a directed verdict for defendant." Given her strategic concession, she may not now revisit these allegations on appeal.

[7]Although her claim was subject to the 180-day EEOC filing requirement, see supra note 2, Conto deferred filing her EEOC charge for 176 days. Thus, she concedes that only her final four days on the job are material to her appeal. See 42 U.S.C. § 2000e-5(e)(1); Lawton v. State Mut. Life Assurance Co. of Am., 101 F.3d 218, 221-22 (1st Cir. 1996); see also Provencher v. CVS Pharmacy, 145 F.3d 5, 14 (1st Cir. 1998) (citing Sabree v. United Bhd. of Carpenters and Joiners, 921 F.2d 396, 401 (1st Cir. 1990)).

5

conditions of [her] employment," <u>Provencher</u> v. <u>CVS Pharmacy</u>, 145 F.3d 5, 13 (1st Cir. 1998), and (2) that the work environment was "both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that [Conto] in fact did perceive to be so," <u>Faragher</u> v. <u>City of Boca Raton</u>, 524 U.S. 775, 787 (1998). As previously noted, "whether an environment is 'hostile' or 'abusive' can be determined only by looking at <u>all</u> <u>the</u> <u>circumstances</u> . . . includ[ing] the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." <u>Harris</u>, 510 U.S. at 23 (emphasis added).

Given the evidentiary record before us, we cannot say that the Rule 56 evidence submitted by Conto generated a trialworthy hostile work environment claim under the multi-factor test announced in <u>Harris</u>, <u>supra</u>. First, the greatly abbreviated <u>four-day</u> period, during which the Hospital's conduct remained actionable, substantially undermined Conto's contention that the Hospital's conduct was either sufficiently frequent[8] or

_____

[8]<u>Cf.</u> <u>id.</u> at 23-24 (noting that claimants experienced repeated, unwanted physical touching and demeaning comments for over <u>five</u> <u>years</u>); <u>O'Rourke</u>, 235 F.3d at 728 (two years); <u>White</u> v. <u>New Hampshire Dep't of Corrections</u>, 221 F.3d 254, 260 (1st Cir. 2000) (five months).

6

severe.[9]  Second, however insensitive, the inquiries regarding Conto's personal life were neither "physically threatening [n]or humiliating, [but at most] mere offensive utterance[s]."  <u>Id.</u>[10] Finally, Conto has not demonstrated on appeal that any conduct to which she was subjected during the actionable four-day period "unreasonably interfered" with her work performance.  <u>Id.</u>

Finally, although Conto waived her hostile work environment claim on appeal, its dismissal on the merits would be warranted as well, since the <u>totality</u> <u>of</u> <u>the</u> <u>particular</u> <u>circumstances</u> extant during the actionable four-day period preceding her discharge could not, as a matter of law, have generated a trialworthy issue on the hostile work environment claim.

**Affirmed.  Costs to appellee.**

**SO ORDERED.**

---

[9]<u>Cf.</u>, <u>e.g.</u>, <u>Faragher</u>, 524 U.S. at 782 (noting that female employees repeatedly were touched, without invitation, subjected to demeaning general comments about females, and themselves in particular, and propositioned for sexual favors by supervisors).

[10]<u>Cf.</u>, <u>e.g.</u>, <u>Oncale</u> v. <u>Sundowner Offshore Servs., Inc.</u>, 523 U.S. 75, 77 (1998) (observing that male plaintiff was threatened with rape, "forcibly subjected to sex-related, humiliating actions" by male coworkers in the presence of others, and "physically assaulted . . . in a sexual manner"); <u>White</u>, 221 F.3d at 260 (describing how corrections officer's coworkers undermined her authority with inmates and created an atmosphere of intimidation and harassment by spreading false rumors about her alleged sexual relations with an inmate).