Carolyn E. O'CONNOR, Plaintiff, Appellant,

v.

NORTHSHORE INTERNATIONAL INSURANCE SERVICES, INC., et al., Defendants, Appellees.

No. 01–1547.

United States Court of Appeals, First Circuit.

Oct. 22, 2001.

Carolyn E. O'Connor, on brief, pro se.

Mary P. Harrington, Kathleen M. O'Hagan and Ronan, Segal & Harrington, on brief, for appellees.

Before BOUDIN, Chief Judge, TORRUELLA and LIPEZ, Circuit Judges.

PER CURIAM.

After a thorough review of the record and of the parties' submissions, we affirm.  To the extent appellant claims that those who decided to fire her were improperly motivated by her religion, her claim fails.  She does not allege that anyone with firing authority knew she was a fundamentalist Christian; indeed, she admits her statement regarding her beliefs was stripped of any religious connotation before being repeated to others in the workplace.  Moreover, animosity of one who lacks decision-making authority cannot support a Title VII claim, even if that animosity is religiously-motivated.  *Conto*

*v. Concord Hosp., Inc.,* 265 F.3d 79, n. 4 (1st Cir.2001).

To the extent appellant attempts to make out a claim for religious discrimination based on a hostile work environment, she fails. *See Hernandez–Torres v. Intercontinental Trading, Inc.,* 158 F.3d 43, 48 (1st Cir.1998) (acknowledging claim for religious discrimination based on hostile work environment). In order to state such a claim, O'Connor must allege the harassment based on her religious beliefs was "severe or pervasive," *O'Rourke v. City of Providence,* 235 F.3d 713, 728 (1st Cir.2001). She wholly fails to make such an allegation; and her charge of a single incident of religious harassment does not rise to the necessary level. "By its nature, a hostile work environment often means that there are a series of events which mount over time to create such a poisonous atmosphere as to violate the law. In the leading Supreme Court cases, the evidence of harassment covered a period of years." *Id.* at 727 (citing *Faragher v. City of Boca Raton,* 524 U.S. 775, 782, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998); *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 20–23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993); *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 59–60, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986)). To the extent she claims she was "ostracized" by other employees, her claim fails because (once again) any reference to her religion was omitted during discussions among employees. Thus, she has failed to allege that the other employees even knew she was a fundamentalist Christian; lacking such knowledge, any harassment or ostracism could not have been motivated by her co-workers' animosity toward her religion.

Because O'Connor did not include her additional allegations of age and sex discrimination in her administrative charge, the court cannot consider any instances of age or sex discrimination in determining whether the alleged harassment was severe or pervasive; and to the extent O'Connor attempts to make distinct claims based on age or sex discrimination, the attempt fails. *See* 29 U.S.C. § 626(d); 42 U.S.C. § 2000e–5(f); *Lattimore v. Polaroid Corp.,* 99 F.3d 456, 464 (1st Cir. 1996).

The appellee's motion for sanctions pursuant to Fed. R.App. P. 38 is denied.

*Affirmed.* 1st Cir. Loc. R. 27(c).