# United States Court of Appeals for the Fifth Circuit

---

No. 22-50542
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

November 23, 2022

Lyle W. Cayce
Clerk

Marie Pfau,

*Plaintiff—Appellant*,

*versus*

Janet Yellen, in her official capacity as Secretary of the Treasury,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:18-cv-422

---

Before Davis, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant, Marie Pfau, appeals the district court's order to grant Defendant-Appellee's Rule 50(a) motion for judgment as a matter of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-50542

law which the court granted after plaintiff presented her case.  We find no error and AFFIRM.

## I.  BACKGROUND

Pfau, formerly a seasonal clerk for the Internal Revenue Service ("IRS"), filed suit against the Secretary of the Treasury alleging that her employer engaged in sex and age discrimination and retaliation in violation of Title VII of the Civil Rights Act and the Age Discrimination in Employment Act of 1967 ("ADEA").  Specifically, Pfau claimed that certain actions of her co-worker, Mario Drumgoole, constituted sex and age discrimination and created a hostile work environment.

The district court partially granted the Government's Rule 12(b)(6) motion and dismissed Pfau's age discrimination and retaliation claims under Title VII and the ADEA.  Pfau's only remaining claim, sex discrimination based on a hostile work environment, proceeded to trial on May 31, 2022.  At trial, Pfau testified generally that a co-employee, Drumgoole, frequently spoke in an excessively loud manner to co-workers and to her which she found disruptive and disturbing.  More specifically, she testified about the following six incidents involving Drumgoole that she believes constituted harassment:
(1) Drumgoole "announced" to the office he was going to let everybody go home because the department's computer system was malfunctioning; (2) Drumgoole "interjected himself" into Pfau's conversation with her co-worker, Margaret Rhoads; (3) Pfau overheard Drumgoole tell Rhoads that Rhoads "was going to get a complaint filed against her for not working;" (4) Pfau overheard Drumgoole and Rhoads reference "old people having sex;" (5) Drumgoole "yelled" at Pfau to "get back to work right now;" and (6) Pfau saw Drumgoole walking around the office "smack[ing] his fist into one hand and grunt[ing]."

No. 22-50542

At the close of Pfau's case, the Government moved for judgment as a matter of law pursuant to Rule 50(a). The district court granted the Government's motion, finding that Pfau had presented "simply no competent evidence" to support the essential elements of her hostile work environment claim. Pfau timely appealed.

## II. DISCUSSION

On appeal, Pfau argues that the district court erred in granting the Government's Rule 50(a) motion. We review the district court's grant of a motion for judgment as a matter of law de novo, applying the same standard as the district court.[1] Under this standard, "we view the entire trial record in the light most favorable to the non-movant, drawing reasonable factual inferences in its favor."[2] Judgment as a matter of law is appropriate after a party has been fully heard by the jury on a given issue, and "there is no legally sufficient evidentiary basis for a reasonable jury to have found for that party with respect to that issue."[3]

As an initial matter, Defendant-Appellee notes that Pfau forfeited her challenge to the district court's ruling on the sufficiency of the evidence by failing to cite to the trial record in her brief. We agree. A party forfeits an argument by failing to adequately brief it on appeal.[4] Federal Rule of Appellate Procedure 28(a)(8)(A) requires an appellant's brief to include the "appellant's contentions and the reasons for them, with citations to the

---

[1] *Ill. Cent. R.R. Co. v. Guy*, 682 F.3d 381, 392-93 (5th Cir. 2012).

[2] *Burch v. Coca-Cola Co.*, 119 F.3d 305, 313 (5th Cir. 1997) (citing *Conkling v. Turner*, 18 F.3d 1285, 1300 (5th Cir. 1994)).

[3] *Id.*

[4] *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021).

authorities *and parts of the record on which the appellant relies.*[5] In evaluating the appeal of a judgment as a matter of law, this Court has previously noted that it "cannot conduct meaningful appellate review of a district court's decision to grant judgment as a matter of law without the testimony that would support or refute that determination."[6]

Here, Pfau failed to adequately brief her sufficiency of the evidence argument because she does not cite to or analyze the evidence introduced at trial as required by Rule 28.[7] Instead of citing to the trial record, Pfau's appellate brief cites exclusively to her original complaint and defendant's motion to dismiss.[8] But in a Rule 50(a) appeal, like this one, this Court must evaluate the evidence adduced *at trial*, not assertions in the parties' pleadings.[9] Thus, because Pfau's brief fails to provide citations to any trial

---

[5] FED. R. APP. P. 28(a)(8)(A) (emphasis added).

[6] *McNeil v. BMC Software Inc.*, 306 F. App'x 889, 892-93 (5th Cir. 2009) (per curiam) (unpublished) (noting that plaintiff provided "no citations whatsoever to any trial testimony in the appellate record"). Unpublished opinions issued in or after 1996 are "not controlling precedent" except in limited circumstances, but they "may be persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).

[7] *See* FED. R. APP. P. 28(a)(8)(A); *see also Conto v. Concord Hosp., Inc.*, 265 F.3d 79, 81 (1st Cir. 2001) ("Not surprisingly, the Federal Rules of Appellate Procedure require that appellants, rather than the courts of appeals, ferret out and articulate the record evidence considered material to each legal theory advanced on appeal.").

[8] For example, in support of the third element of her hostile work environment claim, plaintiff's brief cites to defendant's motion to dismiss for the assertions that "other members of the protected class reported harassment by Drumgoogle" and that Pfau "observed that women were treated differently and negatively by Drumgoole." In turn, defendant's motion cites to plaintiff's original complaint for these assertions.

[9] *See Burch*, 119 F.3d at 313 (noting that this Court reviews the "trial record" in reviewing a judgment as a matter of law under Rule 50(a)).

No. 22-50542

testimony that would provide a legally sufficient evidentiary basis to support her claim for a hostile work environment, she has forfeited her challenge.[10]

Moreover, even if plaintiff had adequately briefed her argument on appeal, we nevertheless find that the district court correctly concluded that there was no legally sufficient basis for a reasonable jury to find for Pfau on her hostile work environment claim. Title VII makes it unlawful for employers to require "people to work in a discriminatorily hostile or abusive environment."[11] To establish a hostile work environment claim, the plaintiff must prove: "(1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action."[12]

After reviewing the evidence presented at trial in the light most favorable to plaintiff, we conclude that Pfau has not presented sufficient evidence to support the essential elements of her claim. Although Pfau testified that she believes the six incidents she identified at trial constitute harassment in violation of Title VII because "men were not insulted as [she] was," Pfau failed to introduce any evidence that would suggest these

---

[10] *See McNeil*, 306 F. App'x at 892-93 & n.5 (holding that plaintiff waived her challenge because she provided "no citations whatsoever to any trial testimony in the appellate record" and that even if the court "were to consider the pre-trial affidavits and depositions discussed in [plaintiff's] appellate brief as if they were contained in a trial transcript, . . . [plaintiff's] claim would still fail").

[11] *Gardner v. CLC of Pascagoula, L.L.C.*, 915 F.3d 320, 325 (5th Cir. 2019) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).

[12] *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002).

incidents were motivated by her sex.[13]  To the contrary, as pointed out by the Government, Drumgoole's conduct was generally made in front of both male and female coworkers.  Moreover, the identified incidents were "offhand comments" that were neither sufficiently severe nor pervasive to alter the conditions of Pfau's employment and create a hostile working environment.[14]  Finally, plaintiff cannot establish that her employer failed to take prompt remedial action because it is undisputed in the record that Pfau refused her employer's offer to relocate her workstation away from Drumgoole.[15]  Accordingly, because Pfau failed to present competent evidence at trial to meet the elements of her hostile work environment claim, the district court committed no error in granting a  judgment as a matter of law.

### III.

For the reasons above, the district court's judgment is AFFIRMED.

---

[13] *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998) (noting that the "critical issue" in cases alleging harassment on the basis of sex "is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed" (internal quotation marks omitted)).

[14] *See, e.g.*, *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) ("[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." (citation omitted) (internal quotation marks omitted)); *Hockman v. Westward Commc'n, LLC*, 407 F.3d 317, 321, 329 (5th Cir. 2004) (noting that a co-worker's comments to plaintiff "about [a former employee's] body and requests to be alone with [plaintiff] are offhand comments that are boorish and offensive, but not severe" and that the co-worker's "newspaper slap" amounted to "simple teasing" (quoting *Faragher*, 524 U.S. at 788) (internal quotation marks omitted)).

[15] *See Hockman*, 407 F.3d at 330 (noting that a plaintiff "cannot prove that [her employer] failed to take prompt remedial action where she unreasonably failed to take advantage of corrective opportunities provided by [her employer]").